**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOYLE DENNIS AVERY LLP** | § | |
| **f/k/a DOYLE DENNIS LLP** | § | |
| **AND THE ETHAN'S GLEN** | § | |
| **COMMUNITY ASSOCIATION,** | § | |
| **INC.** | § | **CIVIL ACTION NO.** |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **CASE STRATEGIES** | § | |
| **GROUP, LLC,** | § | |
| *Defendant.* | § | |

**PLAINTIFFS' COMPLAINT FOR DECLARATORY JUDGMENT, AND**
**APPLICATION FOR PRELIMINARY AND PERMANENT INJUNCTION**
**STAYING ARBITRATION**

To the Honorable United States District Court:

Plaintiffs Doyle Dennis Avery LLP f/k/a Doyle Dennis LLP ("Doyle Dennis Avery" of the "Law Firm") and The Ethan's Glen Community Association, Inc. ("Ethan's Glen" of the "HOA"), file this complaint for declaratory judgment, and application for preliminary and permanent injunction staying arbitration, and for cause of action respectfully would show the following:

**I.**

**PARTIES**

1.      Plaintiff Doyle Dennis Avery LLP is a domestic limited liability partnership organized and formed under the laws of Texas. For diversity purposes, this

Plaintiff is a Texas citizen.

2.    Plaintiff Ethan's Glen is a domestic nonprofit corporation organized and formed under the laws of Texas. For diversity purposes, this Plaintiff is a Texas citizen.

3.    Defendant Case Strategies Group, LLC ("Case Strategies") is a limited liability company whose principal office is located at 1630 East Las Olas Blvd, Fort Lauderdale, Florida 33301. This Defendant may be served with citation by serving its registered agent and member, who is Hendrik Sienema, located at 1630 East Las Olas Blvd, Fort Lauderdale, Florida 33301. For diversity purposes, this Defendant is a citizen of Florida.

## II.

## JURISDICTION AND VENUE

4.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because Defendant Case Strategies alleges damages of $761,381.45 against some parties and another $278,215.52 against other parties in the underlying arbitration action that Plaintiffs seek to have stayed, and there is complete diversity of citizenship of the parties. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the underlying arbitration action is pending before the American Arbitration Association in Houston, Texas, which is within this judicial district.

## III.

## FACTUAL BACKGROUND

5.    Defendant Case Strategies—in its capacity as a plaintiff—initiated an

arbitration claim with JAMS on November 2, 2024. See Exhibit 1. In that Arbitration Proceeding, Defendant Case Strategies, as plaintiff, sued six (6) different defendants. Two (2) of those defendants are the two Plaintiffs herein, namely, the Law Firm and the HOA. The other four (4) defendants who were sued in the arbitration—but who are not parties to this federal lawsuit—are Hagans PC f/k/a Hagans, Montgomery, Rustay P.C., The Barton Law Group, Lotz Law Firm PLLC f/k/a Fulkerson Lotz LLP, and Reich and Binstock, LLP.

6.      The Arbitration Proceeding asserts a claim for declaratory judgment, breach of contract, quantum meruit, and unjust enrichment, all of which allegedly arises from a written contract dated October 10, 2017, and an amendment to that written contract dated March 18, 2018. See Exhibits 2 and 3, respectively.

7.      Although it is true that the October 10, 2017 agreement contains an arbitration clause, see paragraph 13.9 of Exhibit 2, neither Plaintiff is a party or a signatory to that agreement. See Exhibit 2. Nor is either Plaintiff a party or a signatory to the amended agreement. See Exhibit 3. Simply put, there is no arbitration agreement which exists between Case Strategies, on the one hand, and either the Law Firm or the HOA, on the other hand.

8.      Accordingly, both Plaintiffs object to being compelled to arbitration and seek relief herein to enjoin that proceeding from going forward.

## ARGUMENT & AUTHORITIES

**This Court-Not an Arbitrator-Should Decide the Threshold Issue of Arbitrability, because: (i) Plaintiffs Never "Clearly and Unmistakably" Agreed that an Arbitrator Should Decide that Issue; and (2) No Arbitration Agreement Exists.**

9.      Determining whether a claim involving a non-signatory must be arbitrated is a gateway matter for the trial court, not the arbitrator. *Jody James Farms v. Altman Grp., Inc.*, 547 S.W.3d 624, 629 (Tex. 2018). Texas law is well-established that '[u]nless the parties clearly and unmistakably agree to submit threshold questions of arbitrability to the arbitrator, these issues are to be resolved by courts." *Trafigura Pte. Ltd.* v. *CNA Metals Ltd.,* 526 S.W.3d 612, 615 (Tex. App.- Houston [14th Dist.] 2017, no pet.) (citing *Howsam* v. *Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83, 123 S. Ct. 588, 154 L.Ed.2d 491 (2002); *First Options of Chicago, Inc.* v. *Kaplan,* 514 U.S. 938,943,115 S. Ct. 1920, 131 L.Ed.2d 985 (1995); In *re Weekley Homes, L.P.,* 180 S.W.3d 127, 130 (Tex. 2005)); *see also* Tex. Civ. Prac. & Rem. Code § 171.021(b) ("If a party opposing an application made under Subsection (a) denies the existence of the agreement, *the court shall summarily determine that issue."); Id.* § 171.023(a) *("A court may stay* an arbitration commenced or threatened on application and a showing that *there is not an agreement to arbitrate."); Id.* § 171.023(c) *("The court shall stay* the arbitration if the court finds for the party moving for the stay.").

10.     A party attempting to compel arbitration first must establish that a valid arbitration agreement exists and that the claims asserted fall within the agreement's scope. *In re AdvancePCS Health, L.P.*, 172 S.W.3d 603, 605 (Tex. 2005)(orig. proceeding)(per curiam); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex.

2003) ; *see also Saxa Inc. v. DFD Architecture Inc.* , 312 S.W.3d 224, 229 (Tex. App.—

Dallas 2010, pet. denied) (questions of arbitrability include "whether the parties agreed to

arbitrate and whether a claim or dispute is encompassed in the agreement to arbitrate").

Because no arbitration agreement exists between Defendant Case Strategies and either of

the Plaintiffs, there simply is no basis to compel arbitration.

11.        Indeed, it is a foundational principle that a party cannot be compelled to

arbitrate a dispute when the party has not agreed to do so. *Bates* v. *MTH Homes-Texas,*

*L.P.,* 177 S.W.3d 419, 422 (Tex. App.-Houston [1st Dist.] 2005, orig. proceeding); *Trico*

*Marine Servs., Inc.* v. *Stewart & Stevenson Technical Servs.,* 73 S.W.3d 545, 548 (Tex.

App.-. Houston [1st Dist.] 2002, no pet.); *Di Giammatteo* v. *Olney,* 794 S.W.2d 103, 104

(Tex. App.-Dallas 1990, no writ)(Texas courts apply the Texas Arbitration Act "only when

a valid written agreement to arbitrate exists between the parties to the agreement or the

contract."); Tex. Civ. Prac. & Rem. Code § 171.021(a)(l) ("(a) A court shall order the

parties to arbitrate on application of a party showing: an agreement to arbitrate ...."). This

is because "[arbitration] is a contractual matter and, in the absence of an agreement to

arbitrate, a party cannot be forced to forfeit the constitutional protections of the judicial

system and submit its dispute to arbitration." *Jenkens & Gilchrist* v. *Riggs,* 87 S.W.3d 198,

201 (Tex. App.-Dallas 2002, no pet.). Thus, unless a party clearly agreed to arbitrate and

to be bound by an arbitrator's decision, arbitration should not be compelled. *See Freis* v.

*Canales,* 877 S.W.2d 283, 284 (Tex. 1994) (orig. proceeding); *Massey* v. *Galvan,* 822

S.W.2d 309, 316 (Tex. App.-Houston [14th Dist.] 1992, writ denied); *Manes* v. *Dallas*

*Baptist College,* 638 S.W.2d 143, 145 (Tex. App.-Dallas 1982, writ ref'd n.r.e.); *see also* Tex. Civ. Prac. & Rem. Code § 171.021(b) ("(b) If a party opposing an application made under Subsection (a) denies the existence of the agreement, the court shall summarily determine that issue.  . .. If the court does not find for [the party moving to compel arbitration], the court shall deny the application.").

12.    Defendant Case Strategies has the initial burden to establish that the claims asserted fall within the agreement's scope. *In re Kellogg Brown & Root,* 80 S.W.3d 611, 615 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding); Tex. Civ. Prac. & Rem. Code § 171.021(a). Defendant  cannot meet its burden to establish the arbitrability of its claims because no arbitration agreement exists.

## V.

## CAUSES OF ACTION

13.    Parties seeking a stay of arbitration in federal court typically do so by requesting declaratory and/or injunctive relief. *See, e.g., F.C. Schaffer & Assocs., Inc. v. Demech Contractors, Ltd.,* IOI F.3d 40, 41 (5th Cir. 1996) (per curiam) (declaratory and injunctive relief); *Wood v. PennTex Res., L.P.,* 458 F. Supp. 2d 355, 360 (S.D. Tex. 2006) (declaratory relief); *Higman Marine Servs., Inc. v. BP Amoco Chem. Co.,* 114 F. Supp. 2d 593, 595 (S.D. Tex. 2000) (declaratory and injunctive relief).

### A.    First Cause of Action -  Declaratory Judgment

14.    The Federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. § 2201. Federal courts have broad discretion to grant declaratory relief. *Torch,*

*Inc. v. LeBlanc,* 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory

Judgment Act has been understood to confer on federal courts unique and substantial

discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls*

*Co.,* 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L.Ed.2d 214 (1995).

15.    As discussed above, neither Plaintiff ever agreed to arbitrate Defendant

Case Strategies' claims. Therefore, both Plaintiffs seek a declaratory judgment that the

claims raised in the Arbitration Proceeding against them are not arbitrable, and that neither

Plaintiff is required to respond or participate in any arbitration action brought against them

by Case Strategies.

**B.    Second Cause of Action -  Preliminary and Permanent Injunction**

16.    Plaintiffs further seek a preliminary and permanent injunction enjoining

Case Strategies' efforts to arbitrate non-arbitrable claims against either of them.

17.    The standard for a permanent injunction is "essentially the same" as for a

preliminary injunction, in that the plaintiff must show (1) the existence of a substantial

threat of irreparable  harm that outweighs any harm the relief would accord to the

defendant, (2) that there is no adequate remedy at law, and (3) that granting the injunction

will not disserve the public interest. *See Calmes v. United States of America,* 926 F. Supp.

582, 590 (N.D. Tex. 1996).  To justify a permanent injunction, the plaintiff must

demonstrate actual success on the merits, rather than a likelihood of success. *Id.* at 591.

18.    Plaintiffs allege that they will be irreparably harmed if they are required to arbitrate with Case Strategies even though they never agreed to arbitrate. The law is clear that "[arbitration] is a contractual matter and, in the absence of an agreement to arbitrate, a party cannot be forced to forfeit the constitutional protections of the judicial system and submit its dispute to arbitration." *Jenkens & Gilchrist v. Riggs,* 87 S.W.3.d 198, 201 (Tex. App.-Dallas 2002, no pet.).

19.    It is well established that a defendant can challenge the denial of a motion to stay or dismiss for *forum non conveniens* by filing a petition for writ of mandamus because there is no adequate remedy on appeal. *See In re Bridgestone Americas Tire Opers., LLC,* 459 S.W.3d 565, 569 (Tex. 2015) (a trial court's erroneous denial of *a forum-non-conveniens* motion cannot be adequately remedied on appeal and therefore warrants mandamus relief); *In re Ford Motor Co.,* 442 S.W.3d 265, 269 (Tex. 2014); *In re Pirelli Tire, L.L.C.,* 247 S.W.3d 670, 676 (Tex. 2007).  Being forced to participate in an arbitration when there was no agreement to arbitrate is closely analogous to being forced to defend an action in an inconvenient forum, and for similar reasons cannot be adequately rectified on appeal.

20.    Plaintiffs have a constitutional right to the protections of the judicial system absent their clear agreement to arbitrate. Forcing either Plaintiff to proceed in an arbitration that they did not agree to would destroy their constitutionally protected rights.  Granting an injunction to prevent Case Strategies' claims from proceeding in arbitration will serve, not

disserve, the public interest in maintaining the constitutional protections of the judicial system afforded to all citizens.

**VI.**

**PRAYER**

WHEREFORE, Plaintiff Doyle Dennis Avery LLP f/k/a Doyle Dennis LLP and The Ethan's Glen Community Association, Inc. pray that the Court grant it declaratory and injunctive relief as outlined above, and all such other and further relief to which it is justly entitled.

Respectfully submitted,

ANDY TAYLOR & ASSOCIATES, P.C.

BY: /s/ Andy Taylor
Andy Taylor
State Bar No. 19727600
2628 Highway 36S, #288
Brenham, Texas 77833
ataylor@andytaylorlaw.com
713-412-4025

ATTORNEYS FOR Doyle Dennis Avery LLP
f/k/a Doyle Dennis LLP and The Ethan's Glen
Community Association, Inc.