**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DOYLE DENNIS AVERY LLP | § | |
| f/k/a DOYLE DENNIS LLP AND | § | |
| THE ETHAN'S GLEN COMMUNITY | § | |
| ASSOCIATION, INC. | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION NO. 4:24-cv-05031 |
| v. | § | |
| | § | |
| CASE STRATEGIES GROUP, LLC | § | |
| *Defendant* | § | |
| | § | |

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW CASE STRATEGIES GROUP, LLC (hereinafter "CSG" or "Defendant" and/or "Counter-Claimant"), named Defendant herein, and in answer to Plaintiffs' Original Complaint, makes and files this Defendant's Original Answer and Counterclaim, respectfully showing unto the Court the following:

1.      Answering Paragraph 1 of the Complaint, upon information and belief, Defendant admits the substance of the allegations.

2.      Answering Paragraph 2 of the Complaint, upon information and belief, Defendant admits the substance of the allegations.

3.      Answering Paragraph 3 of the Complaint, upon information and belief, Defendant admits that it is a citizen of Florida. Defendant further admits that the Parties agreed that counsel for Defendant would accept service for this dispute, and therefore Defendant denies each and every remaining allegation in paragraph 3 of the Petition.

4.      Answering Paragraph 4 of the Complaint, Defendant admits that the Southern District of Texas is a proper venue, and that this Court has jurisdiction.

11384049 v1 (75229.00002.000)

5.     Answering Paragraph 5 of the Complaint, upon information and belief, Defendant admits the substance of the allegations.

6.     Answering Paragraph 6 of the Complaint, upon information and belief, Defendant admits the existence of an arbitration, and that there are agreements between the Parties. Otherwise, Defendant denies each and every other allegations in Paragraph 6.

7.     Answering Paragraph 7 of the Complaint, upon information and belief, Defendant denies the substance of the allegations.

8.     Answering Paragraph 8 of the Complaint, upon information and belief, Defendant admits that the Plaintiffs assert allegations contained in Paragraph 8, but Defendant denies each and every allegation in Paragraph 8.

9.     Answering Paragraph 9 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 9.

10.     Answering Paragraph 10 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 10.

11.     Answering Paragraph 11 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 11.

12.     Answering Paragraph 12 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 12.

13.     Answering Paragraph 13 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 13.

14.     Answering Paragraph 14 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 14.

11384049 v1 (75229.00002.000)

15.     Answering Paragraph 15 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 15.

16.     Answering Paragraph 16 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 16.

17.     Answering Paragraph 17 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 17.

18.     Answering Paragraph 18 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 18.

19.     Answering Paragraph 19 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 19.

20.     Answering Paragraph 20 of the Complaint, upon information and belief, Defendant denies the allegations in Paragraph 20.

21.     Answering the Prayer of the Complaint, Defendant denies that Plaintiffs are entitled to the damages or relief sought therein. Further, Defendant denies the remaining allegations, express or implied, contained in the Prayer of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

22.     At this time, Defendant asserts a General Denial, and respectfully request that the Court and Jury require the Plaintiffs to prove Plaintiffs' claims, charges and allegations by a preponderance of the evidence as required by the Constitution and Laws of the State of Texas.

### Second Affirmative Defense

23.     Pleading further, and in the alternative, Defendant asserts the defenses of waiver and estoppel.

24.

11384049 v1 (75229.00002.000)

## DEFENDANT'S COUNTERCLAIM

25.    Defendant/Counter-Plaintiff pleads the following counterclaim against Plaintiffs/Counter-Defendants.

26.    CSG is an expert service that was retained to provide expert opinions and information related to Hurricane Harvey and brokerage malpractice litigation. The Parties entered into a series of agreements, in which CSG agreed to supply goods and/or services, in exchange for payment. Doyle Dennis Avery, LLP (hereinafter "Doyle") and the Ethan's Glen Community Association (hereinafter "EGCA") benefitted from these services. CSG delivered the goods and services, and Doyle and EGCA utilized the same to their benefit. Nevertheless, CSG has yet to be receive its owed monies.

27.    CSG, at the special instance and request of Doyle and EGCA, did sell and deliver to Doyle and EGCA  the goods and/or services bargained for with no objection from Doyle and EGCA. Doyle and EGCA used the expert materials and opinions to their benefit in the aforementioned litigation, and recovered certain damages related to the same. As such Doyle and EGCA, benefitted and profited from  the goods and/or services provided by CSG.

## CONDITIONS PRECEDENT

28.     All conditions precedent have occurred, have been met, or have been waived.

## COUNT 1—QUANTUM MERUIT

29.    CSG provided Doyle and EGCA with valuable goods and services. CSG provided the goods and services for Doyle and EGCA's benefit. Doyle and EGCA accepted the goods and services. Doyle and EGCA knew or should have known that CSG expected compensation when goods and services were accepted.

11384049 v1 (75229.00002.000)

30.     Because CSG expected compensation, Doyle and EGCA's acceptance of the goods and services without payment resulted in damages to CSG.

## COUNT 2—BREACH OF CONTRACT

31.     Pleading in the alternative and without waiving the foregoing, Doyle and EGCA breached their agreements with CSG. There were valid enforceable agreements by and between the Parties. CSG performed under the agreements, Doyle and EGCA breached the agreements, and the breaches caused CSG damages.

## COUNT 3— MONEY HAD AND RECEIVED

32.     Pleading in the alternative and without waiving the foregoing, Doyle and EGCA hold money that, in equity and good conscience, belongs to CSG.

## COUNT 4—UNJUST ENRICHMENT

33.     Pleading in the alternative and without waiving the foregoing, CSG provided Doyle and EGCA with valuable goods and services. CSG provided the goods and services for Doyle and EGCA's benefit. Doyle and EGCA accepted the goods and services. Doyle and EGCA knew or should have known that the CSG expected compensation when goods and services were accepted.

34.     Because Plaintiff expected compensation, Doyle and EGCA's acceptance of the goods and services without payment resulted in damages to CSG.

## ATTORNEY FEES

35.     CSG is entitled to recover reasonable and necessary attorney fees in this matter. CSG made written demand upon Doyle and EGCA for payment of said account, more than thirty (30) days prior to the filing of this Petition, and CSG would show the Court that the recovery of attorneys' fees is authorized, made and provided, under and according to the provisions of Chapter 38, Texas Civil Practice and Remedies Code, and the principles of equity. CSG further sues Doyle

11384049 v1 (75229.00002.000)

and EGCA for reasonable attorneys' fees, inasmuch as CSG has been required to employ the undersigned attorneys to file this suit and has agreed to pay them a reasonable fee for their services.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant/Counter-Plaintiff prays that the Plaintiffs take nothing by Plaintiffs' suit against said Defendant/Counter-Plaintiff, that Defendant/Counter-Plaintiff have contribution and/or indemnity from other persons or parties who may be liable herein, that Defendant/Counter-Plaintiff be discharged with its costs and attorney's fees, that Defendant/Counter-Plaintiff have and recover relief as set forth above and recover judgment from the Defendant/Counter-Plaintiff all of its damages as hereinabove set forth, plus reasonable attorney's fees, plus costs of court, plus pre-judgment and post-judgment interest at the maximum rates permitted by law, and for such other and further relief, both general and special, at law and in equity, to which Defendant/Counter-Plaintiff may be justly entitled.

11384049 v1 (75229.00002.000)

Respectfully submitted,

Date: May 2, 2025

By: _/s/ Andrew J. Sarne_

Andrew J. Sarne, Attorney in Charge
State Bar No. 00797380
Federal I.D. 20437
5151 San Felipe Street, Suite 800
Houston, Texas 77056
Telephone:713.425.7400
Facsimile: 713.425.7700
ASARNE@KRCL.COM

ATTORNEYS FOR CASE STRATEGIES GROUP, LLC

Of Counsel:

KANE RUSSELL COLEMAN LOGAN PC
David Thrasher
State Bar No. 24027922
Federal I.D. 27205
DTHRASHER@KRCL.COM
5151 San Felipe Street, Suite 800
Houston, Texas 77056
Telephone: 713.425.7400
Facsimile: 713.425.7700

11384049 v1 (75229.00002.000)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 2nd day of May, 2025.

/s/ Andrew J. Sarne
Andrew J. Sarne

11384049 v1 (75229.00002.000)