**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CASE STRATEGIES GROUP, LLC | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| DOYLE DENNIS AVERY LLP | § | CIVIL ACTION NO. 4:24-cv-05031 |
| f/k/a DOYLE DENNIS LLP AND | § | |
| THE ETHAN'S GLEN COMMUNITY | § | |
| ASSOCIATION, INC. | § | |
| *Defendant* | § | |
| | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT (PURSUANT TO PARTY REALIGNMENT ORDER)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

CASE STRATEGIES GROUP, LLC ("CSG" or "Plaintiff"), pursuant to a Party Realignment Order, files Plaintiff's Original Complaint against Doyle Dennis Avery LLP f/k/a Doyle Dennis LLP and The Ethan's Glen Community Association, Inc. (collectively, "Defendants"). In support thereof, CSG would respectfully show the Court as follows:

**PARTIES**

1. Plaintiff CSG, originally Defendant/Counter-Plaintiff prior to party realignment, is a limited liability company whose principle office is located in Fort Lauderdale, Florida. For diversity purposes, Plaintiff is a citizen of Florida.

2. Defendant Doyle Dennis Avery LLP (hereinafter "Doyle") originally Plaintiff prior to party realignment, is a domestic limited liability partnership organized and formed under the laws of Texas. Defendant can be served with citation by serving its counsel of record. For diversity purposes, this Defendant is a Texas Citizen.

1

11561092 v1 (75229.00002.000)

3.      Defendant Ethan's Glen (hereinafter "EGCA") originally Plaintiff prior to party realignment, is a domestic limited liability partnership organized and formed under the laws of Texas. Defendant can be served with citation by serving its counsel of record.  For diversity purposes, this Defendant is a Texas Citizen.

## JURISDICTION AND VENUE

4.       The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) because Plaintiff Case Strategies alleges damages of at least $761,381.45 against some parties and another $278,215.52 against other parties, and there is complete diversity of citizenship of the parties. Venue is proper in this Court because all parties have appeared and consented.

## PROCEDURAL BACKGROUND

5.      On November 2, 2024, Plaintiff initiated an arbitration claim with JAMS against six different entities including Defendants Doyle and EGCA. The other parties sued in said arbitration claim are not parties to this lawsuit.

6.      On or about December 20, 2024, Defendants filed their original complaint with the district court requesting declaratory judgment and injunctive relief.

7.      On May 2, 2025, Plaintiff filed its original answer and counterclaim.

8.      The parties conducted their Rule 26(f) meeting by phone on May 29, 2025, and subsequently filed a joint discovery and case management plan under Rule 26(f) of the Federal Rules of Civil Procedure.

9.      The parties agreed to remove Defendants from the arbitration proceedings and move forward realigning the parties to adjudicate Plaintiff's counterclaims against Defendant.

11561092 v1 (75229.00002.000)

## FACTUAL BACKGROUND

10.     CSG is an expert service that was retained to provide expert opinions and information related to Hurricane Harvey and brokerage malpractice litigation. The Parties entered into a series of agreements, in which CSG agreed to supply goods and/or services, in exchange for payment.

11.     Doyle Dennis Avery, LLP and Ethan's Glen Community Association benefitted from these services.

12.     CSG delivered the goods and services, and Doyle and EGCA utilized the same to their benefit.

13.     Nevertheless, CSG has yet to receive its owed monies.

14.     CSG, at the special instance and request of Doyle and EGCA, did sell and deliver to Doyle and EGCA the goods and/or services bargained for with no objection from Doyle and EGCA.

15.     Doyle and EGCA used the expert materials and opinions to their benefit in the aforementioned litigation, and recovered certain damages related to the same.

16.      As such Doyle and EGCA, benefitted and profited from the goods and/or services provided by CSG.

## CONDITIONS PRECEDENT

17.     All conditions precedent have occurred, have been met, or have been waived.

## CAUSES OF ACTION

### DECLARATORY JUDGMENT

18.     CSG re–alleges and incorporates all factual allegations set forth above as if fully set forth herein.

11561092 v1 (75229.00002.000)

19.    CSG asserts a cause of action pursuant to the Federal Declaratory Judgment Act.

20.    By way of additional pleading, CSG says that it brings this action seeking declaratory relief.

21.    A present, real controversy exists between CSG and Defendants as to the rights and agreements between the Parties. Such controversy may be fully determined by judicial declaration.

22.    CSG seeks the following declarations:

  a.  That Defendants accepted CSG's goods and/or services;
  b.  That Defendants used CSG's goods and/or services to their benefit;
  c.  That an agreement existed between CSG and Doyle;
  d.  That an agreement existed between CSG and EGCA; and
  e.  That this Court judicially declare the rights and obligations of the Parties with respect to the matters which are the subject of this lawsuit.

## QUANTUM MERUIT

23.    CSG provided Doyle and EGCA with valuable goods and services. CSG provided the goods and services for Doyle and EGCA's benefit. Doyle and EGCA accepted the goods and services. Doyle and EGCA knew or should have known that CSG expected compensation when goods and services were accepted. Because CSG expected compensation, Doyle and EGCA's acceptance of the goods and services without payment resulted in damages to CSG.

## BREACH OF CONTRACT

24.    Pleading in the alternative and without waiving the foregoing, Doyle and EGCA breached their agreements with CSG. There were valid enforceable agreements by and between the Parties. CSG performed under the agreements, Doyle and EGCA breached the agreements, and the breaches caused CSG damages.

11561092 v1 (75229.00002.000)

**MONEY HAD AND RECEIVED**

25.     Pleading in the alternative and without waiving the foregoing, Doyle and EGCA hold money that, in equity and good conscience, belongs to CSG.

**UNJUST ENRICHMENT**

26.     Pleading in the alternative and without waiving the foregoing, CSG provided Doyle and EGCA with valuable goods and services. CSG provided the goods and services for Doyle and EGCA's benefit. Doyle and EGCA accepted the goods and services. Doyle and EGCA knew or should have known that the CSG expected compensation when goods and services were accepted.

27.     Because Plaintiff expected compensation, Doyle and EGCA's acceptance of the goods and services without payment resulted in damages to CSG.

## ATTORNEY'S FEES

28.     CSG is entitled to recover reasonable and necessary attorney fees in this matter. CSG made written demand upon Doyle and EGCA for payment of said account, more than thirty (30) days prior to the filing of this Petition, and CSG would show the Court that the recovery of attorneys' fees is authorized, made and provided, under and according to the provisions of Chapter 38, Texas Civil Practice and Remedies Code, and the principles of equity. CSG further sues Doyle and EGCA for reasonable attorneys' fees, inasmuch as CSG has been required to employ the undersigned attorneys to file this suit and has agreed to pay them a reasonable fee for their services.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that they recover relief as set forth above and recover judgment from the Defendants all of its damages as hereinabove set forth, plus reasonable attorney's fees, plus costs of court, plus pre-judgment and post-judgment interest

11561092 v1 (75229.00002.000)

at the maximum rates permitted by law, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled

Respectfully submitted,

By: */s/ Andrew J. Sarne*
Andrew J. Sarne, Attorney in Charge
State Bar No. 00797380
Federal I.D. 20437
ASARNE@KRCL.COM
5151 San Felipe, Suite 800
Houston, Texas 77056
Telephone: 713.425.7400
Facsimile: 713.425.7700

**ATTORNEYS FOR PLAINTIFF CASE STRATEGIES GROUP, LLC**

**Of Counsel:**

David R. Thrasher
State Bar No. 24027922
Federal I.D. 27205
DTHRASHER@KRCL.COM
KATHRYN G. LAFLIN
State Bar No. 24107368
Federal I.D. 3541535
KLAFLIN@KRCL.COM
5151 San Felipe, Suite 800
Houston, Texas 77056
Telephone: 713.425.7400
Facsimile:  713.425.7700

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been sent to all known counsel by email, first class mail, telecopy, hand delivery and/or certified mail, return receipt requested on this the 14th day of July, 2025.

*/s/ Andrew J. Sarne*
Andrew J. Sarne

6

11561092 v1 (75229.00002.000)