United States District Court
Southern District of Texas
**ENTERED**
March 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DOYLE DENNIS AVERY LLP F/K/A DOYLE DENNIS LLP, *et al.*, | § § § § | |
| Plaintiffs, | § | |
| v. | § § | CIVIL ACTION NO. H-24-5031 |
| CASE STRATEGIES GROUP, LLC, *et al.*, | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

The plaintiff, Case Strategies Group, LLC, has moved to add a new party, SILAC Insurance Company, to this lawsuit.  (Docket Entry No. 22).  The defendants, Doyle Dennis Avery LLP and Ethan's Glen Community Association Inc., oppose the motion.  (Docket Entry No. 29).

Case Strategies argues that "SILAC is a necessary and proper party to this litigation," (Docket Entry No. 30 at 1), because it "has claims that relate to and/or involve the collection of the accounts receivable and relate to the Agreement that is the subject of this suit."  (Docket Entry No. 22 at 3).  The defendants respond that SILAC "can instead chose to either seek leave to intervene in an existing lawsuit or simply just file a standalone lawsuit."  (Docket Entry No. 29 at 2).  They argue that because the underlying basis for Case Strategies's claims "will soon be challenged by summary judgment," the court should deny the motion for leave to add SILAC as a party or defer ruling on it until after granting or denying the motions for summary judgment.  (*Id.* at 3).

Case Strategies's motion for leave to amend to add SILAC, (Docket Entry No. 22), is denied, without prejudice, for two reasons.  First, it is procedurally improper.  Rule 19(a)(2) governs Case Strategies's motion, which seeks to join an absent plaintiff who has not brought

claims against the defendants.  *See* 7 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE §

1606 (3d ed. 1998).  Rule 19(a)(2) provides that "[a] person who refuses to join as a plaintiff may

be made either a defendant or, in a proper case, an involuntary plaintiff."  FED. R. CIV. P. 19(a)(2).

Although the Rules do not define "a proper case," the paradigm case for joining an involuntary

plaintiff is *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459

(1926).  In that case, the Court ruled that a patent owner who refused to join an infringement action

brought by his exclusive licensee could be made an involuntary plaintiff.  *See id.* at 468 ("If the

owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee

as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by

the court in the party character which he should assume.").  Based on *Independent Wireless* and

the Committee Note to Rule 19(a)(2) of the Federal Rules of Civil Procedure, "authorization in

Rule 19(a)(2) to join a party as an involuntary plaintiff can be invoked only when the party sought

to be joined has a duty to allow plaintiff to use his name in the action."  WRIGHT & MILLER § 1606.

The Fifth Circuit has adopted this approach to Rule 19(a)(2).  *See Eikel v. States Marine

Lines, Inc.*, 473 F.2d 959, 962 (5th Cir. 1973) ("The 'proper case' is meant to cover only those

instances where the absent party has either a duty to allow the plaintiff to use his name in the action

or some sort of an obligation to join plaintiff in the action.").  The court reasoned that the "law

generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that

normally entails," for "[u]nder our adversary system the general rule is that only the party who

initiates the lawsuit should be saddled with the procedural burdens of a plaintiff."  *Id.*  Unless the

"proper case" exception applies, "the preferred method is to designate and serve involuntary

parties as defendants, regardless of their appropriate interest alignment."  *Id.*

The "proper case" exception does not apply here.  The parties have not explained SILAC's role, but it appears that SILAC has an interest in some of the disputed receivables and in the interpretation of the parties' agreement because it is an affiliate of Case Strategies and an assignee under the agreement.  Although claims arising from an assignor-assignee relationship are similar to the paradigm "proper case" for adding a plaintiff, *see* WRIGHT & MILLER § 1606, Case Strategies is the assignor (not, as in *Independent Wireless*, the assignee).  Case Strategies has not explained why or how it has a relationship with SILAC that would allow Case Strategies to "use [SILAC's] name in the action."  *Eikel*, 473 F.2d at 962.

Second, Case Strategies's motion does not satisfy Rule 19's requirements for joinder.  A party is necessary or indispensable under Rule 19 if (A) "in that person's absence, the court cannot accord complete relief among existing parties; or" (B) "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:" (i) "as a practical matter impair or impede the person's ability to protect the interest; or" (ii) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  FED. R. CIV. P. 19(a)(1)(A)–(B).

None of these requirements applies to SILAC.

First, Rule 19(a)(1)(A) does not apply because Case Strategies can recover fully if SILAC is not joined.  Case Strategies sues for quantum meruit, breach of contract, money had and received, and unjust enrichment.  (Docket Entry No. 20 at 4–5).  Case Strategies can recover damages based on these causes of action without SILAC's presence in the lawsuit, because they seek damages that the defendants allegedly owe.  *See Harrison Co., LLC v. A-Z Wholesalers, Inc.*, No. 3:19-CV-1057-B, 2020 WL 918749, at *3 (N.D. Tex. Feb. 26, 2020) ("[T]he Court can award complete relief to Harrison without adding Imperial because Harrison has asked only for damages

stemming from the alleged breach of the Credit Agreement."). Case Strategies does not explain what, if any, part of its claims it assigned to SILAC or how its absence affects Case Strategies's ability to recover. The defendants do not invoke Rule 19 as a protection against the risk of double recovery.

Second, Rule 19(a)(1)(B) does not apply because SILAC has not yet "claim[ed] an interest relating to the subject of the action." *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x 239, 246 (5th Cir. 2020) (per curiam) (quoting FED. R. CIV. P. 19(a)(1)(B)). "[T]he fact that an absent party does not seek joinder on its own is indicative of its lack of interest in the subject matter of the suit." *Woodard v. Woodard Villa, Inc.*, No. CV 15-1777, 2016 WL 1298995, at *4 (W.D. La. Mar. 31, 2016); *see Colbert v. First NBC Bank*, No. CIV.A. 13-3043, 2014 WL 1329834, at *3 (E.D. La. Mar. 31, 2014) ("[T]o be a required party under Rule 19(a)(1)(B) because of an interest in the subject matter of the action, the party must assert its own interest.").

This record does not support Case Strategies's motion for leave to amend to join SILAC as a party plaintiff. If Case Strategies wants SILAC to join this dispute, it may provide SILAC with notice of this lawsuit and invite it to intervene or agree to be bound by the judgment. *See Flettrich v. State Farm Fire & Cas. Co.*, No. CIV. 1:07CV1080HSORH, 2008 WL 682407, at *2 (S.D. Miss. Mar. 7, 2008). If SILAC elects not to intervene, but Case Strategies can later establish that SILAC is a necessary or indispensable party, it may renew its motion to amend to join SILAC. On the present record, Case Strategies's motion for leave to amend to add SILAC, (Docket Entry No. 22), is denied.

SIGNED on March 25, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

4