**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CASE STRATEGIES** | § | |
| **GROUP, LLC,** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-05031** |
| *Realigned Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DOYLE DENNIS AVERY LLP** | § | |
| **f/k/a DOYLE DENNIS LLP** | § | |
| **AND THE ETHAN'S GLEN** | § | |
| **COMMUNITY ASSOCIATION,** | § | |
| **INC.** | § | |
| *Realigned Defendants.* | § | |

**REALIGNED DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

To the Honorable United States District Court:

Realigned Defendant Doyle Dennis Avery LLP f/k/a Doyle Dennis LLP ("Doyle Dennis Avery") and Realigned Defendant The Ethan's Glen Community Association, Inc. ("Ethan's Glen")(collectively referred to herein as the "Realigned Defendants"), file this Joint Motion for Summary Judgment as to the Realigned Plaintiff Case Strategies Group, LLC's ("CSG") Original Complaint, and would respectfully show the following:

**I.**
**INTRODUCTION**

1.      The subject matter of this lawsuit involves a claim by CSG for payment of its expert witness claims valuation services allegedly performed to assist certain

1

homeowners—who have filed takings claims—to recover damages to their respective properties caused by certain tortfeasors stemming from the flood events surrounding Hurricane Harvey. It is undisputed that the only written agreement which exists is a document entitled, "Claims Valuation Services Agreement" dated October 10, 2017. That document was amended on March 20, 2018. The two documents will be collectively referring to herein as the "CSG Agreement".

2.     Pursuant to Federal Rule of Civil Procedure 56 and the Scheduling Order in this Case (Dkt. 19, ¶ 6), both Doyle Dennis Avery and its client, Ethan's Glen, jointly move for summary judgment on each of CSG's claims for breach of contract, quantum meruit, money had and received, unjust enrichment and declaratory judgment.

3.     The undisputed factual record defeats each of Realigned Plaintiff CSG's claims. First, CSG lacks standing because all of its claims, regardless of merit, were previously assigned and conveyed away to a third party almost five years ago. Second, even if CSG can somehow create a fact issue on whether it did or did not convey away all of its claims to a third party, CSG nevertheless still lacks standing because the unambiguous terms of the CSG Agreement demonstrate that none of its asserted claims in this lawsuit are ripe. Third, regardless of whether CSG can create fact issues on both standing and ripeness, CSG's claims also fail on the merits. CSG's breach of contract claim fails because there is no contractual privity between CSG and either of the Realigned Defendants. The CSG Agreement is an agreement which is solely between CSG, on the one hand, and three different law firms who are collectively defined as the "Firm" in that

document (and who are not parties to this lawsuit), on the other hand, for the prosecution of certain takings claims which have been filed by the Firm on behalf of various clients against the government arising out of flooding which occurred during and after Hurricane Harvey.  It is undisputed that neither of the Realigned Defendants are signatories or parties to the CSG Agreement. The only agreements which do exist are agreements which were solely between Doyle Dennis Avery, made on behalf of its client, Ethan's Glen, and the three law firms handling the takings claims for Ethan's Glen. Those two private agreements were: (i) a cost reimbursement agreement and (ii) a testifying expert witness appearance agreement. Neither of these agreements were made directly with CSG, nor is CSG a third party beneficiary of either private agreement. For these and other reasons, CSG's claim for breach of contract fails as a matter of law. Moreover, CSG's claims of unjust enrichment and other equitable claims also fail because the undisputed evidence will show that CSG is not entitled to pursue any claims directly against either of the Realigned Defendants, as the cost reimbursement agreement, if and when triggered, would only entitle the three law firms representing Ethan's Glen in the takings case to be reimbursed for 50% of whatever those firms are ultimately obligated to pay to CSG pursuant to the CSG Agreement for the Ethan's Glen takings case. Moreover, with respect to the separate testifying expert witness agreement, even though that agreement was made directly with the three law firms, not CSG, Doyle Dennis Avery nevertheless advanced to CSG the entire amount of their invoice for that separate work and Ethan's Glen has fully reimbursed Doyle Dennis Avery for that same amount as a client expense on the settlement which has occurred. The subject matter

3

and source of payment for the testifying expert witness appearance agreement did not involve the takings claim filed by Ethan's Glen; to the contrary, it only involved a completely separate state court lawsuit which Ethan's Glen filed against its insurance broker for not providing an adequate amount of insurance for the events caused by Hurricane Harvey (the "Insurance Broker Lawsuit").

## II.
## LEGAL STANDARD

4.          Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986). A defendant who would not bear the burden of proof at trial need only "point[ ] out…that there is an absence of evidence to support the nonmoving party's case," at which point the burden shifts to the nonmovant to produce competent evidence showing a genuine issue for trial. *See, e.g.*, Fed. R. Civ. P. 56(e); *Celotex,* 477 U.S. at 322–25; *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527 (5th Cir. 2015). Conclusory assertions, speculation, or a "mere scintilla of evidence" will not suffice for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–248 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."). "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming

that it mandates judgment in favor of the movant, summary judgment is appropriate." *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 199 (5th Cir. 1999); *First Am. Title Ins. Co. v. Cont'l Cas. Co.*, 709 F.3d 1170, 1173 (5th Cir. 2013). Thus, even if a plaintiff produces some evidence, summary judgment is proper where that evidence is "merely colorable" or is not "significantly probative." *Anderson*, 477 U.S. at 249-50.

## III.
## BASIS FOR SUMMARY JUDGMENT

5.     As will be demonstrated herein, each and every one of the Realigned Plaintiff CSG's claims fail for at least six (6) reasons:

(i)     *CSG lacks standing to assert any claims* for payment of expert witness claims valuation services because: (a) all such purported claims were previously assigned and conveyed to a different entity in 2021; and (b) the assignee is not a party herein;

(ii)     *CSG's claims are not yet ripe* to recover payment for any work performed in connection with any of the takings cases, including the takings case specifically filed by Ethan's Glen, as the CSG Agreement: (a) unambiguously defers any obligation to make payment until after those takings cases are resolved via settlement or otherwise;  (b) and in each such instance, only when the total gross recovery is sufficient to pay certain amounts after application of certain monetary caps;

(iii)    *There is no privity of contract* between CSG and either of the Realigned Defendants for any takings claim, as neither Doyle Dennis Avery nor Ethan's Glen is a party or signatory to the CGS Agreement or any other contract;

(iv)    *CSG is neither a party nor a third party beneficiary* to a private cost-sharing side agreement between Doyle Dennis Avery (entered on behalf of Ethan's Glen) and the three non-party law firms representing Ethan's Glen in their takings case;

(v)    *CSG has already been paid in full* for any and all work: (a) it performed separately in relation to a claim by Ethan's Glen against its insurance broker; and (b) which was not already required to be performed under the CSG Agreement for the Firm representing Ethan's Glen in its takings case; and

(vi)    *No other basis exists to impose liability* under any of CSG's equitable theories of non-contractual liability.

### III.
### FACTUAL BACKGROUND[1]

6.    During 2017-2018, Case Strategies Group, LLC ("CSG") was in the business of performing expert witness claim valuation services for property damage assessments

---

[1] These facts are supported by the documents attached hereto as Exhibits 1-4 and two (2) unsworn declarations attached hereto as Exhibits 5 and 6.

arising from casualty events.[2] See Exhibit 5, which is an unsworn declaration from Michael Doyle, who is a partner with Doyle Dennis Avery. Their work included the drafting of property damage loss reports. Id. After Tropical Storm Harvey passed through the Houston area in August 2017, Henry Sienema ("Mr. Sienema"), on behalf of CSG, had meetings and other communications with three different law firms[3] about CSG providing claim valuation services for inverse condemnation claims for their respective clients. CSG and the three non-party law firms negotiated and executed a written agreement dated October 10, 2017.[4] CSG and the three non-party law firms, who were collectively defined in the October 10, 2017 agreement as the "Firm," also executed an amendment to the October 10, 2017 agreement in March 2018.[5] These two documents will be collectively referred to herein as the "CSG Agreement."

7.      In 2024, CSG filed a claim for arbitration against the three law firms who had signed the CSG Agreement, defined in the CSG Agreement as the "Firm.". See Exhibit

---

[2] In a separate arbitration proceeding involving CGS and the Firm, issues have been raised as to whether CSG forfeited its charter for failing to pay its Texas franchise taxes as well as whether any entity even legally existed at all for the 2017-2018 time period. Because this current Realigned Defendants' Motion for Summary Judgment does not rely on these specific issues as a basis for its entitlement to summary judgment, these issues are not briefed herein. Both Realigned Defendants specifically reserve these issues and do not intend to waive these issues going forward.

[3] The three (3) law firms, who are non-parties to this lawsuit, are: (i) Hagans f/k/a Hagans, Montgomery, Rustay P.C.; (ii) The Barton Law Group; and (iii) Reich and Binstock, LLP. CSG and these three non-parties are currently engaged in an arbitration dispute which is pending before JAMS and the Honorable Michael Massengale. The case number for the arbitration dispute is JAMS CASE NO. 5300000699.

[4] See Exhibit 1, Case Strategies Group, LLC Claim Valuation Services Agreement, dated October 10, 2017.

[5] See Exhibit 2, Amendment to Case Strategies Group LLC Claim Valuation Services Agreement Hourly Fees, dated March 20, 2018.

6, which is an unsworn declaration from Andy Taylor, who is counsel of record for both Realigned Defendants as well as the parties sued by CSG in the Arbitration Proceeding. CSG also sought to arbitrate against a fourth law firm[6], as well as a fifth law firm named Doyle Dennis Avery, and a homeowner's association called Ethan's Glen Community Association, Inc. ("Ethan's Glen). Id.

8.     Because the CSG Agreement contains an arbitration clause, and  because the non-party law firms defined as the "Firm' (each of whom are referenced and identified in footnote 2 above) are parties and signatories to the CSG Agreement, these parties are currently litigating their disputes before JAMS Arbitrator Michael Massengale. Id.

9.     Because Doyle Dennis Avery and Ethan's Glen were neither signatories nor parties to the CSG Agreement, those two parties objected in the Arbitration Proceeding to being compelled to arbitration, and they also filed the instant federal lawsuit as plaintiffs, seeking declaratory relief that they are not subject to the arbitration clause contained in the CSG Agreement because they were neither parties nor signatories to the CSG Agreement. Id.

10.    In response to the federal complaint, CSG filed a counterclaim asserting a claim for monetary damages which purportedly arose from the underlying dispute about services rendered by CSG. In the separate Arbitration Proceeding, Arbitrator Massengale

---

[6] In the Arbitration Proceeding, CGS named the "Lotz Law Firm PLLC." That entity did not even exist when the CGS Agreement was signed. However, a predecessor entity named Fulkerson Lotz LLP, did exist. Although the predecessor entity is neither a signatory or a party to any arbitration agreement with Case Strategies—this entity nevertheless agreed to submit to the jurisdiction of the Arbitration Proceeding and be bound by whatever outcome occurs.

agreed, and determined that neither Doyle Dennis Avery nor Ethan's Glen signed the CSG Agreement and therefore did not agree to arbitrate any claims which might arise from the Agreement. Id.

11.     Because the original plaintiffs herein had obtained the maximum relief they had sought, this Court realigned the parties and designated the original defendant, CSG, as the Realigned Plaintiff, while the original plaintiffs were realigned as the Realigned Defendants. Thus, the only live dispute is whether CSG has any claims or causes of action against either or both Realigned Defendants. Id.

12.     In August of  2025, Mr. Sienema was produced by CSG to testify individually and as its corporate representative in the Arbitration Proceeding. The undersigned counsel—Andy Taylor—took the deposition. Id. Henry Sienema testified unequivocally that CSG had assigned all of its causes of action and accounts receivable to an entity called "SILAC" in 2021. More specifically, Mr. Sienema testified that the owner of the "claims in this arbitration" and "the assets, the receivables" is SILAC.[7] Mr. Sienema testified that CSG's assets and contractual rights were assigned or transferred to SILAC in 2021. Id.

13.     In addition, Mr. Sienema testified:

- "Case Strategies Group is an entity that was owned in part by a holding company known as JusticeFunds….  And JusticeFunds LLC was owned 66 percent by … 777 Partners LLC and 34 percent by Sienema Ventures LLC."[8]

---

[7] See Exhibit 3, Depo of Henry Sienema at 18:20-23.
[8] See Exhibit 3, Depo of Henry Sienema at 15:4-10.

- Henry Sienema is "not employed by Case Strategies Group or by JusticeFunds at this point because the companies are not operating and they … were wound down by 777 Partners."[9]

- The owner of the "claims in this arbitration" and "the assets, the receivables" is SILAC Insurance Company.[10]

- "It's the result of 777 Partners pledging and selling the collateral – in other words, the work in progress and the accounts receivable – of Case Strategies Group to SILAC Insurance…. [I[t was 2021 when that happened."[11]

- "It was an outright sale and assignment of the collateral."[12]

When Mr. Sienema reviewed and signed his deposition, he made no changes to this testimony, although he did make "corrections" to other testimony. See Exhibit 6.

14.    The only agreements which do exist are agreements between Doyle Dennis Avery, made on behalf of its client, Ethan's Glen, and the three law firms handling the takings claims for Ethan's Glen. See Exhibits 1 and 2. Mike Doyle, who is a named partner with Doyle Dennis Avery, personally negotiated and made two agreements. See Exhibit 5. Those two private agreements were: (i) a cost reimbursement agreement and (ii) a testifying expert witness appearance agreement. Id. Neither of these agreements were made directly with CSG, nor did Doyle Dennis Avery or Ethan's Glen intend to make CSG a third party beneficiary of either private agreement. Id. The cost reimbursement agreement would require Ethan's Glen to reimburse 50% directly to the three law firms for whatever amounts those law firms were ultimately found to be obligated to pay CSG for the work performed

---

[9] See Exhibit 3, Depo of Henry Sienema at 17:10-14.
[10] See Exhibit 3, Depo of Henry Sienema at 18:20-23.
[11] See Exhibit 3, Depo of Henry Sienema at 19:6-13.
[12] See Exhibit 3, Depo of Henry Sienema at 20:2-3.

for the takings case filed on behalf of Ethan's Glen as set forth in the CGS Agreement. Id. Moreover, with respect to the separate testifying expert witness agreement, Doyle Dennis Avery agreed with the three law firms that any work performed by CSG that would not have otherwise been required to have been performed under the CSG Agreement, such as travel, deposition, trial testimony, and other activities solely related to the lawsuit filed by Ethan's Glen against its insurance broker, would be paid separately by Ethan's Glen. Id. Ultimately, Ethan's Glen settled its case against its insurance broker. Id. Mike Doyle asked CSG to submit its invoice to Doyle Dennis Avery. CSG did so and submitted an invoice in the amount of 18,942.25, which was paid in full by Doyle Dennis Avery as an advance for a case expense ultimately owed by Ethan's Glen.  See id; see also Exhibit 4.  Once the case against the insurance broker funded, Ethan's Glen reimbursed Doyle Dennis Avery for the funds previously advanced to CSG. See Exhibit 5.

**V.**
**<u>ARGUMENT AND AUTHORITIES IN SUPPORT OF THE REALIGNED
DEFENDANTS' OPPOSITION TO CSG'S REQUEST FOR LEAVE</u>**

A. <u>CSG lacks standing to assert any claims for payment of expert witness claims valuation services because: (a) all such purported claims were previously assigned and conveyed to a different entity in 2021; and (b) the assignee is not a party herein.</u>

15.     The undisputed facts demonstrate that any claims which purportedly arise from the CSG Agreement have been conveyed and assigned away to a third party who is not a party herein back in 2021. Thus, to the extent CSG seeks damages from the CSG Agreement, they lack standing to do so. If the plaintiff's standing is challenged, the plaintiff bears the burden to establish standing. "Without standing, the courts cannot proceed at all,

and the party who invokes the courts' jurisdiction 'bears the burden of establishing these elements' of standing; it is not the duty of the other side, or of the courts, to negate them." *Abbott v. Mexican Am. Legislative Caucus, Texas House of Representatives*, 647 S.W.3d 681, 693 (Tex. 2022). CSG's claims and causes of action asserted in this lawsuit must be dismissed because CSG lacks the standing to bring any of them.

B.  CSG's claims are not yet ripe to recover payment for any work performed in connection with any of the takings cases, including the takings case specifically filed by Ethan's Glen, as the CSG Agreement: (a) unambiguously defers any obligation to make payment until after those takings cases are resolved via settlement or otherwise; (b) and in each such instance, only when the total gross recovery is sufficient to pay certain amounts after application of certain monetary caps.

16.    The CSG Agreement makes clear that if a client of the three law firms does not recover in their takings lawsuit, then CSG would not be paid for their work for that client. Specifically, the contract states, "Notwithstanding any other provision in this Agreement to the contrary, in no instance shall the CSG fees on any individual file be in excess of [a percentage of].... the total gross recovery by Claimant on a respective claim file for which CSG has provided the Services and CSG shall amend and reissue any CSG invoice as necessary to correspond with this provision." (CSA Agreement, Para 3). Because none of the takings cases have resulted in any recovery at this point of time, there is nothing owed. Accordingly, at this time, CSG's claim against the three law firms is not yet ripe and, afortiori, CSG's attempt to seek damages against either of the Realigned Defendants is likewise unripe.

17.     Under Texas law, ripeness is a question that arises at the beginning of a case and implicates the court's subject matter jurisdiction. There must be a concrete injury involved in the case in order for a justiciable claim to be presented. With ripeness, the question that should be asked is "whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Patterson v. Planned Parenthood*, 971 S.W.2d 439,442 (Tex. 1998). The goal of ripeness is to avoid premature adjudication. Texas courts "are not empowered to give advisory opinions," *id at 443* (citations omitted), which includes hearing or deciding cases that are not yet ripe. *See id.* "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id. citing Camerena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1998) (holding trial court could not grant relief based on "a hypothetical situation which might or might not arise at a later date. "District Courts, under our Constitution, do not give advice or decide upon speculative, hypothetical or contingent situations.").

18.     Thus, ripeness involves a court examining not only whether it can act, i.e. it has jurisdiction, but also whether it should act. *Perry v. Del Rio,* 66 S.W.3d 239, 250 (Tex. 2001).  To survive a challenge for ripeness, a case generally must not be reliant upon contingent or hypothetical facts or upon events that may occur in the future. *Patterson*, 971 S.W.2d at 442; *Save Our Springs Alliance v. City of Austin,* 149 S.W.3d 674, 683 (Tex. App.-Austin 2004, no pet.). The claimant will not bear the burden of showing that an actual injury has already occurred, but the injury must be imminent or sufficiently likely. *Waco*

13

*Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000); *Patterson*, 971 S.W.2d at 442.

19.     To determine ripeness under Texas law, a court will examine whether the issues are fit for judicial determination as well as the hardship that a plaintiff would face if the court denied judicial review. *Office of Pub. Util. Counsel v. Public Util. Comm'n,* 843 S.W.2d 718, 724 (Tex. App.—Austin 1992, writ denied). Federal law is the same. A court should dismiss a case for lack of ripeness "when the case is abstract or hypothetical." *Urban Developers LLC v. City of Jackson*, 468 F.3d 281, 295 (5th Cir. 2006) (quotations omitted).

C. There is no privity of contract between CSG and either of the Realigned Defendants for any takings claim, as neither Doyle Dennis Avery nor Ethan's Glen is a party or signatory to the CGS Agreement or any contract;

20.     The clear and unambiguous terms contained within the CSG Agreement make clear who the parties are to that agreement. Neither Dennis Doyle and Avery nor Ethan's Glen are signatories or parties to the CSG Agreement:

> This [Agreement] is made as of this 10th Day of October, 2017 (the "Effective Date'"), by and between Hagans Montgomery & Rustay, the Barton Law Group, and Reich & Binstock, LLP (collectively, the "Firm"), and Case Strategies Group, LLC, a Delaware limited liability company with a principal office located at 600 Brickell Avenue, #1900, Miami, Florida 33131 ("CSG") (each a "Party" and collectively the "Parties").

See Exhibit 1.

21.     CSG lacks standing because it cannot show injury, causation, or redressability. "Federal courts do not possess a roving commission to publicly opine on every legal question," nor do they "exercise general legal oversight…of private entities." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423–24 (2021). Rather, Article III of the

14

Constitution requires a plaintiff to demonstrate that they have: (1) suffered an injury in fact; (2) that is traceable to the defendant's challenged conduct; and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). As the party invoking jurisdiction, Plaintiff bears the burden of showing all three elements. *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231 (1990). "Each element of Article III standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, with the same evidentiary requirements of that stage of litigation." *Inclusive Communities Proj., Inc. v. Dep't of Treasury*, 946 F.3d 649, 655 (5th Cir. 2019)(citation omitted). "Thus, at summary judgment, [the plaintiff] can't rely on mere allegations; [she] must set forth by affidavit or other evidence specific facts supporting standing." *Id.* (citation omitted)(cleaned up).

22.     To show Article III injury, a plaintiff must show a concrete and particularized, actual past or imminent future injury. *Spokeo*, 578 U.S. at 339. "[C]ertain harms readily qualify as concrete injuries under Article III." *TransUnion*, 594 U.S. at 425. "The most obvious are traditional tangible harms, such as physical harms and monetary harms." *Id.* Intangible harms can also satisfy Article III, but only if they have a "'close relationship' to harms 'traditionally' recognized as providing a basis for lawsuits in American courts." *Id.* (quoting *Spokeo*, 578 U.S. at 340).[13] The harm must also be particularized, meaning that "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. If a plaintiff has yet to suffer a tangible or intangible

---

[13] This requires a "close historical or common-law analogue for [the] asserted injury." *TransUnion*, 594 U.S. at 414.

harm, they must show that such harm is "certainly impending, or there is a substantial risk that the harm will occur." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5, 415 (2013).

23.    The Realigned Defendants are entitled to summary judgment on the breach-of-contract claim because CSG cannot show its essential elements. A plaintiff asserting a breach-of-contract claim must prove (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502, n.21 (Tex. 2018) (citation omitted). A valid contract, in turn, requires a definite offer, acceptance, mutual assent to essential terms, and consideration. *Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007). At the summary-judgment stage, the absence of evidence on any essential element is dispositive. *E.g.*, *Celotex*, 477 U.S. at 322–23. CSG's breach-of-contract claim fails on summary judgment because it cannot show a valid contract, breach, or damages.

24.    In this case, there is no definite contract and no mutual assent. An enforceable offer must contain sufficiently definite and certain terms so that a court can ascertain the parties' obligations. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 846 (Tex. 2000). Indefinite promotional language or generalized opportunity statements do not constitute binding offers. *See Doe v. Emory Univ.*, No. 1:20-CV-2002-TWT, 2021 WL 358391, at *5 (N.D. Ga. Jan. 22. 2021 ("promotional statements are essential advertising materials, which do not constitute offers to form express contracts").

25.     Texas law requires mutual assent to definite terms at formation; courts do not enforce obligations that were never objectively manifested. See *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n.21 (Tex. 2018) (recognizing that contractual rights arise from agreed terms, not post hoc interpretations).

D.  <u>CSG is neither a party nor a third party beneficiary to a private cost-sharing side agreement between Doyle Dennis Avery (entered on behalf of Ethan's Glen) and the three non-party law firms representing Ethan's Glen in their takings case;</u>

26.     An "agreement" can only arise if there was a contractual meeting of the minds such that the Realigned Defendants agreed to enter into a contract with CSG, and that is disputed and denied by the Realigned Defendants. *Wells v. Hoisager*, 553 S.W.3d 515, 522 (Tex. App.—El Paso 2018, no pet.) (every contract requires a meeting of the minds). As previously shown, there is no privity whatsoever.

27.     Nor does CSG qualify as a third party beneficiary to either of the two side agreements referenced above. Under Texas law, there is a presumption against third-party beneficiary agreements, and Courts look at the language of the contract to determine whether it clearly shows an intention to depart from that presumption. *MCI Telecomms. Corp. v. Texas Util. Elec. Co.*, 995 S.W.2d 647, 652  (Tex. 1999). The legal task is to examine the entire agreement and give effect to all the contract's provisions so that none is rendered   meaningless. Id.   The   intent   of   the parties to   benefit third   parties is controlling. *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503-05 (Tex. 1975) (contract provisions contemplated benefits third parties should receive). But CSG fails to allege any facts or oral or written agreements which would give rise to a presumption that the Realigned Defendants intended to convey contractual rights upon

17

CSG as a third party beneficiary. And the undisputed facts prove the opposite.

E. CSG has already been paid in full for any and all work: (a) it performed separately in relation to the Ethan's Glen claim against its insurance broker; and (b) which was not already required to be performed in the takings case by the CSG Agreement.

28. As the Declaration of Michael Doyle makes clear, see Exhibit 5, CSG has already been paid in full for its work in connection with Ethan Glen's lawsuit against its insurance broker. See Exhibit 4.

F. No other basis exists to impose liability under any of CSG's equitable theories of non-contractual liability.

29. In the alternative, CSG also alleges in its live pleading, see Doc. 20, claims for quantum meruit, money had and received, and unjust enrichment, should the Court find no contract exists between the current litigants. Regardless of which theory is sought, an essential element of each of CSG's asserted claims requires actual privity between CSG and the Realigned Defendants. Privity is an essential element to any recovery in an action based on contract. *Major Inv., Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.). Maintenance of an action for breach of contract requires privity between the party damaged and the party sought to be held liable. *Boy Scouts of Am. v. Responsive Terminal Sys.*, 790 S.W.2d 738, 747 (Tex. App.--Dallas 1990, writ denied). Where, as here, the undisputed evidence demonstrates that CSG has no privity with either Doyle Dennis Avery or Ethan's Glen, there is no factual or legal basis for CSG to assert that somehow the Realigned Defendants are directly indebted to CSG. Simply put, any private side agreements between the three law firms handling takings claims and Doyle

Dennis Avery and Ethan's Glen lack privity with CSG.

30.    Furthermore, CSG's equitable claim for money had and received and/or unjust enrichment, is also unfounded. CSG would have to prove that funds were taken from them, but rightfully belong to CSG, and in equity and conscience, must be repaid to them. A party may recover under an unjust enrichment theory when another party has obtained a benefit from it by fraud, duress, or the taking of an undue advantage. *Heldenfels Brothers, Inc. v. City of Corpus Christi, 832 S.W.2d 39, 41, 35 Tex. Sup. Ct. J. 802 (Tex.1992)*. The party seeking to recover under an unjust enrichment theory must show that the benefit or profit to the other party was "unjust" under principles of equity. *Zapata Corporation v. Zapata Gulf Marine Corporation, 986 S.W.2d 785, 788 (Tex. App. -Houston [1st Dist.] 1999, no pet'n)*. No funds were taken; only services were allegedly taken. Nothing unjust occurred because CSG still has its agreement with the three law firms for the takings claim for Ethan's Glen which has not yet ripened, and the incremental services over and above the CSG Agreement has already been paid in full.

31.    Finally, a claim which purports to arise under the declaratory judgments act is not a statutorily created cause of action. Rather, it is merely a procedural device to declare certain rights assuming the parties arising from some other independent right, which is lacking here.

**VI.**

**PRAYER**

WHEREFORE,  the Realigned Defendants pray  that the Court enter a summary

19

judgment in favor of both Realigned Defendants and either dismiss this case on jurisdictional grounds or, as to the merits grounds raised herein, enter a take-nothing judgment against the Realigned Plaintiff, and then grant all expenses and court costs, along with all such other and further relief, to which the Realigned Defendants are justly entitled.

Respectfully submitted,

ANDY TAYLOR & ASSOCIATES, P.C.
BY:  /s/ Andy Taylor
Andy Taylor
State Bar No.  19727600
2628 Highway 36S, #288
Brenham, Texas  77833
ataylor@andytaylorlaw.com
713-412-4025

Attorney for the Realigned Defendants Doyle Dennis Avery LLP f/k/a Doyle Dennis LLP and The Ethan's Glen Community Association, Inc.

### Certificate of Service

This pleading was served on counsel of record for the Realigned Plaintiff Case Strategies as follows:

KANE RUSSELL COLEMAN LOGAN PC
Andrew J. Sarne
State Bar No. 00797380
asarne@krcl.com
David R. Thrasher
State Bar No. 24027922
dthrasher@krcl.com
Kathryn G. Laflin
State Bar No. 24107368
klaflin@krcl.com
5151 San Felipe Street, Suite 800
Houston, Texas 77056
Telephone: 713.425.7400
Facsimile: 713.425.7700

Signed: /s/Andy Taylor
Andy Taylor